Plaintiff-appellant State of Ohio appeals the ALS Court Disposition Notification filed January 14, 1999, by the Morrow County Court, granting defendant-appellee Raymond H. Frame's appeal of his Administrative License Suspension.
 STATEMENT OF THE FACTS AND CASE
On November 4, 1998, appellee was involved in a two vehicle accident in which he sustained injuries to his head and face. Trooper John C. Murphy of the Ohio State Highway Patrol arrived at the accident scene and made an initial contact with appellee. Shortly after Trooper Murphy's arrival, an emergency medical squad transported appellee to the Morrow County Hospital.
Trooper Murphy completed his investigation at the scene and proceeded to the hospital to interview appellee. Appellee was in x-ray when the trooper arrived. As appellee was brought out of x-ray, Trooper Murphy immediately began to read appellee his rights and BMV Form 2255. After the trooper finished reading the form, he asked appellee if he would submit to a blood test. Appellee replied he wished to review the form again, which Trooper Murphy viewed as appellee's refusal to submit to a blood test. As a result, appellee was placed under an immediate administrative license suspension for a period of one year, pursuant to R.C. 4511.191.
At his initial appearance on November 5, 1998, appellee entered a plea of not guilty to the charge of driving under the influence. On December 16, 1998, appellee filed an appeal of the ALS suspension. The trial court conducted a hearing on the motion on January 14, 1999. At the conclusion of Trooper Murphy's testimony, the State offered a copy of the BMV Form 2255 into evidence. The trial court sustained appellee's objection to the admission of the form, finding the State's exhibit was not a notarized copy of the original document as required by R.C. 4511.191(D)(1)(c) and (D)(2). Thereafter, the trial court inquired of Trooper Murphy. The trial court concluded the statutory procedures were not properly followed and dismissed the ALS suspension. Subsequently, the trial court filed an ALS Court Disposition Notification.
It is from this entry the State prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT-APPELLEE'S ADMINISTRATIVE LICENSE SUSPENSION APPEAL.
 II. THE TRIAL COURT ERRED WHEN RULING ON DEFENDANT-APPELLEE'S ALS APPEAL AS IT WAS NOT PROPERLY FILED UNDER A SEPARATE CIVIL ACTION AND CASE NUMBER.
 I
In its first assignment of error, the State maintains the trial court erred in sustaining appellee's administrative license suspension appeal.
R.C. 4511.191(D)(2) provides:
 The sworn report of an arresting officer completed under division (D)(1)(c) of this section shall be given by the officer to the arrested person at the time of the arrest or sent to the person by regular first class mail by the registrar as soon thereafter as possible, but no later than fourteen days after receipt of the report. An arresting officer may give an unsworn report to the arrested person at the time of the arrest provided the report is complete when given to the arrested person and subsequently is sworn to by the arresting officer. As soon as possible, but no later than forty-eight hours after the arrest of the person, the arresting officer shall send a copy of the sworn report to the court in which the arrested person is to appear on the charge for which the person was arrested.
Pursuant to R.C. 4511.191(D)(1)(c), the arresting officer must complete a sworn report which includes all of the following statements:
 (i) That the officer had reasonable grounds to believe that, at the time of the arrest, the arrested person was operating a vehicle upon a highway while under the influence of alcohol * * *;
 (ii) That the person was arrested and charged with operating a vehicle while under the influence of alcohol * * *;
 (iii) That the officer asked the person to take the designated chemical test, advised the person of the consequences of submitting to the chemical test or refusing to take the chemical test, and gave the person the form described in division (C)(2) of this section;
 (iv) That the person refused to submit to the chemical test * * *;
 (v) That the officer served a notice of suspension upon the person * * *.
The State contends the purpose of R.C. 4511.191(D)(2) "is to provide the trial court with necessary information for purposes of an ALS appeal at the initial appearance." Brief of Plaintiff-Appellant at 5. The State explains the copy of the sworn BMV Form 2255 permits a trial court to rule on an ALS appeal at an initial appearance without the testimony of the arresting officer. The State then concludes a sworn report is not necessary when an ALS appeal hearing is conducted subsequent to the initial appearance and the arresting officer is available to authenticate the report. We disagree.
In support of its position, the State cites State v. Haghighi
(Aug. 30, 1996), Portage App. No. 96-P-0012, unreported. InHaghighi, supra, the Eleventh District Court of Appeals held the State's failure to provide the defendant with a notarized sworn copy of BMV Form 2255 was not grounds to invalidate an administrative license suspension because the defendant had received an identical unsworn copy at the time of his arrest.Id. The Haghighi defendant was arrested for driving under the influence of alcohol. Id. After he refused to submit to a blood alcohol test, he was placed under an administrative license suspension. Id. The arresting officer served the defendant with a completed, unsworn copy of BMV Form 2255 at the time of the arrest, but never served the defendant with a sworn copy of the form. Id. The defendant maintained the State's failure to serve him with the sworn copy necessitated the invalidation of his ALS. Id.
Reviewing R.C. 4511.191 in its entirety, the Eleventh District determined the purpose of the statute is to ensure "the arrested person is provided adequate notice". Id. Because R.C. 4511.191(D)(2) allows an arresting officer to provide the arrested individual with an unsworn report provided the report is complete and is later sworn to by the officer, the court found the defendant had received appropriate notice. Id.
We find the instant action is distinguishable fromHaghighi, supra. In this case, Trooper Murphy, the arresting officer, did not send a copy of the sworn report to the trial court as required by R.C. 4511.191(D)(2). The trial court based its decision to sustain appellee's ALS appeal upon the trooper's failure to comply with the statute. The sending of a copy of the sworn report to the court is a mandatory requirement. The statute uses the term "shall" and does not allow for an arresting officer's authentication of the BMV Form 2255 at an ALS appeal hearing as a substitute for the actual sending of the document.
Accordingly, we find the trial court did not err in sustaining appellee's administrative license suspension appeal.
The State's first assignment of error is overruled.
 II
In its second assignment of error, the State contends the trial court erred in ruling on appellee's ALS appeal because the motion was not properly filed under separate civil action and case number.
Pursuant to R.C. 4511.191(H)(1), an individual arrested for operating a vehicle while under the influence of alcohol and whose driver's license is suspended, "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest in the court in which the person will appear on that charge." "The purpose of the appeal provisions of R.C.4511.191(H) is to provide an aggrieved license with a means of obtaining prompt, postsuspension review of an ALS." State v.Hochhausler (May 22, 1995), Warren App. Nos. CA 93-12-104 and CA 93-12-105, unreported.
The State contends appellee should have filed his ALS appeal as a separate civil action with a distinct case number because ALS proceedings are civil and administrative in nature; therefore, totally independent of the criminal prosecution, citing Hoben v. Rice (1971), 25 Ohio St.2d 111. Although we do not disagree with the characterization of an ALS appeal as civil, we do disagree with the State's assertion the ALS appeal must be filed as a separate civil action. Such proposition conflicts with the purpose of the statute and only serves to frustrate this purpose by creating an unnecessary hurdle for the aggrieved licensee. Because the language of the statute provides an individual with the right to appeal at his initial appearance on the underlying criminal case and because the ALS is a direct consequence of the criminal charge, we find appellee's appeal of his ALS suspension was properly filed in the criminal action.
Accordingly, we find the trial court did not err in ruling on appellee's ALS appeal filed in the pending criminal action.
The State's second assignment of error is overruled.
The judgment entry of the Morrow County Court is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morrow County Court is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES